McCRYSTAL v. WELLER. (No. 7903.)

(Supreme Court, Appellate Division, First Department. November 19, 1915.)

MONEY RECEIVED ☞6—MONEY GIVEN TO MORTGAGEE—APPLICATION—RECOVERY.

Plaintiff's intestate mortgaged his property to secure an indebtedness of $4,500, and thereafter executed a second mortgage to secure $1,000, and after an assessment, which, with interest, amounted to more than $500, had been levied on the property, and had become a lien thereon which he was obligated to pay, he paid to defendant, the first mortgagee, the sum of $500, to be applied against the assessment and as a further security against his indebtedness, and after his death the second mortgage was foreclosed, with a resulting deficiency of $1,000, and the first mortgagee, upon the second mortgagee's payment of the balance of the assessment, paid the $500 and discharged the lien, and thereafter the second mortgagee assigned her mortgage, no part of which had been paid, to the defendant. *Held*, that, as the $500 had been applied to the payment of the assessment, so as to relieve the property of the lien and leave it as security for the original indebtedness to defendant, as intended, the money was not had and received to intestate's use, and his administrator could not recover.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 15, 21–27; Dec. Dig. ☞6.]

Appeal from Appellate Term, First Department.

Action by William J. P. McCrystal, as administrator of the estate of Edward T. McCrystal, deceased, against George E. Weller. From a determination affirming a judgment of the Municipal Court, defendant appeals. Determination and judgment reversed, and complaint dismissed.

See, also, 154 N. Y. Supp. 1131.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arthur Knox, of New York City (Percy F. Griffin, of New York City, on the brief), for appellant.

William E. Murphy, of New York City, for respondent.

CLARKE, J. Plaintiff is the administrator of Edward T. McCrystal, who died February 7, 1913. The complaint alleges that on or about the

7th of June, 1912, Edward T. McCrystal delivered to defendant Weller $500, to be applied against certain assessments levied on property then owned by the said McCrystal; that Weller failed and neglected to apply the said money for the purposes it was given, and still has in his possession the said sum; that due demand has been made therefor, and refused; and that this action is brought by the plaintiff in his representative capacity for the benefit of the estate only. The agreed facts are as follows:

On April 14, 1909, plaintiff's intestate executed and delivered to defendant a first mortgage on certain premises owned by him in the Bronx to secure an indebtedness on his bond for $4,500. On July 28, 1909, McCrystal executed and delivered to one Annie Bergen a second mortgage on said property and a bond for $1,000. On June 27, 1911, an assessment levied upon said premises for the grading of the Grand Boulevard and Concourse became due and payable. The assessment, with interest, amounted to more than $500, and was a lien on the premises. McCrystal, plaintiff's intestate, was obligated to pay this assessment by the terms of the mortgage and also by express oral agreement. On June 7, 1912, he paid to the defendant the sum of $500, to be applied against this assessment and as further security against said indebtedness, promising to pay the balance within a short time; but this he never did. On February 7, 1913, McCrystal died. On July 30, 1913, the second mortgage was foreclosed, and was bought in by Annie Bergen, the mortgagee, with a resulting deficiency judgment of $1,000. The attorney for Annie Bergen requested defendant to apply the sum of $500, given him by the intestate, to the payment of the assessment. Upon payment by Annie Bergen of the balance of the assessment, the defendant paid to the collector of assessments and arrears this sum of $500, thereby canceling and discharging of record the assessment lien.

On May 26, 1914, a demand was made on the defendant for the return of the $500, which was not complied with. Thereafter the second mortgagee, Annie Bergen, assigned the bond of the plaintiff's intestate, secured by the second mortgage, to the defendant. No part of this bond has been paid. The Municipal Court held that the plaintiff's intestate gave this money to the defendant for a special purpose, and that he was vested solely with the power of paying this money to reduce the lien; that he was not a trustee, nor was it the intention of the parties to create a trust; that he possessed a power founded on a consideration, but there was lacking that interest in the subject of the power which makes it survive the principal's death, and that, as the principal had died before the payment of the installment, the authority of the defendant was thereby revoked; that he held the fund as money had and received to the intestate's use; and that the administrator could recover. The judgment of the Municipal Court was affirmed by the Appellate Term, and on leave of a justice of this court defendant appeals.

The holding that Weller was the agent of McCrystal for the purpose of paying the assessment levied upon the property, and that by McCrystal's death said agency was revoked, is clearly erroneous. The levying of the assessment seriously affected the value of the property, which was the security for the indebtedness of $4,500, and the failure to pay

the assessment would have constituted a default which would have given to Weller the right to foreclose. To prevent foreclosure McCrystal gave the $500 to Weller as further security for the mortgage debt. It is conceded that the amount of the assessment exceeded this sum. Partial payment of the assessment could not have been made to the collector of assessments and arrears. Therefore the $500 was not given to Weller to pay the assessment, and he was not constituted an agent for that purpose, because it was insufficient in amount, and partial payment could not be made. It was given as further security, and to be applied upon the payment of the assessment when the balance should be furnished. This event did not occur in McCrystal's lifetime, but said sum has now been applied, with other moneys, to the payment of the assessment. The property has been relieved of this lien, and stands thus unimpaired by said lien as security for the original debt to Weller, precisely as was intended when the sum was given to him by McCrystal. The money was not had and received to plaintiff's intestate's use, and plaintiff has no right to recover the same or any part thereof.

The determination and judgment appealed from should be reversed, and the complaint dismissed, with costs in the courts below and in this court to the appellant. Order filed. All concur.